UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| APOTEX, INC., a Canadian corporation and APOTEX CORP., a Delaware corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br><br>UCB, INC., a Delaware corporation,<br>SCHWARZ PHARMA INC., a Delaware corporation, and<br>KREMERS URBAN PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>    Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Apotex Inc. and Apotex Corp. (collectively "Apotex"), sue Defendants, UCB, Inc., Schwarz Pharma Inc., and Kremers Urban Pharmaceuticals, Inc. and state:

## NATURE OF THE ACTION

1.  This is an action for patent infringement of certain process claims arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2.  Plaintiff, Apotex Inc., is a Canadian corporation having its principal place of business in Toronto, Ontario, Canada.

3. Apotex Inc. is a pharmaceutical company that specializes in offering life-saving, generic medications to consumers at a lower cost than branded medications.

4. Plaintiff, Apotex Corp., is a Delaware corporation having its principal place of business in Broward County, Florida.

5. Apotex Corp. is the exclusive licensed distributor of generic moexipril medication in the United States.

6. On information and belief, UCB, Inc. is a Delaware corporation with its principal place of business in Smyrna, Georgia. UCB, Inc. is an affiliate of UCB, S.A.

7. On information and belief, Schwarz Pharma Inc. was a Delaware corporation with its principal place of business in Mequon, Wisconsin that was acquired by UCB, S.A. in or about December 2006. On information and belief, UCB Inc. is the surviving entity of a merger with Schwarz Pharma, Inc. and is therefore the successor by merger to Schwarz Pharma, Inc.

8. On information and belief, Kremers Urban Pharmaceuticals, Inc. ("Kremers Inc.") is a Delaware corporation with its principal place of business in Princeton, New Jersey. On information and belief, Kremers Inc. is the surviving entity of a merger with Kremers Urban, LLC ("Kremers LLC") that took effect on or around December 31, 2010 and is therefore the successor by merger to Kremers LLC. On information and belief, Kremers Inc. was acquired by Schwarz Pharma Manufacturing, Inc., which was subsequently acquired by UCB, S.A. in or about 2006. Kremers advertises itself on its website as "a specialty generic drug manufacturer and a member of the UCB Group of Companies."

9. On information and belief, Defendants develop, manufacture, test, package, market, promote, offer to sell, sell and distribute pharmaceutical products in the United States, including this Judicial District.

## JURISDICTION AND VENUE

10. Venue is proper in this district under 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(b) and (c) 100 *et seq*. because Defendants committed acts of patent infringement, a substantial part of the events giving rise to this claim occurred, and Defendants are subject to personal jurisdiction, in this judicial district.

11. This Court has personal jurisdiction over Defendants by virtue of Defendants' offers for sale, sales and distribution of products, including the products which are the subject of this Complaint, throughout Florida and in this District. On information and belief, Defendants have also placed, and are continuing to place, products into the stream of commerce within this District, and it is reasonable to expect that such products will continue to enter and be used by consumers in Florida, including in this District.

## GENERAL ALLEGATIONS

12. Apotex Inc. is the lawful owner by assignment of all right, title and interest in U.S. Patent No. 6,767,556 ("the '556 Patent") entitled "Pharmaceutical Compositions Comprising Moexipril Magnesium" relating to, *inter alia*, processes for making solid pharmaceutical compositions comprising moexipril magnesium made by reacting moexipril or an acid addition salt thereof with an alkaline magnesium compound in the presence of a solvent so as to convert the moexipril or moexipril acid addition salt to moexipril magnesium. Claims 1-15 claim such processes.

13. The '556 Patent was duly and lawfully issued by the U.S. Patent and Trademark Office on July 27, 2004.  A true and correct copy of the '556 Patent is attached hereto as the **Exhibit**.

14. Apotex Corp. is the exclusive licensee of the '556 Patent.

15. Apotex Inc. manufactures generic moexipril tablets for Apotex Corp. by a process described and claimed in the '556 Patent.

16. Apotex Corp. imports generic moexipril tablets from Apotex, Inc.  Such generic moexipril tablets are approved by the U.S. Food and Drug Administration ("FDA") to treat hypertension when administered alone or in combination with thiazide diuretics.  Apotex Corp. sells and has sold such FDA-approved moexipril tablets in and throughout the United States.

17. Defendants, directly or by and/or through their agents, affiliates, predecessors and/or successors, each manufacture, import, offer for sale, sell, and/or use tablets made by a process that is covered by claims 1-15 of the '556 Patent.

## Univasc® Products

18. Defendant UCB, Inc., through Schwarz Pharma Inc., has approval from the FDA for New Drug Application No. 20-312 ("UCB's Univasc® NDA") to market and sell Univasc® in the United States.  According to the product label, Univasc® contains moexipril hydrochloride, magnesium oxide, and magnesium stearate.  However, testing of the Univasc® Product demonstrates that it contains moexipril magnesium, which is an indication that the Univasc® Product is made by a process covered by claims 1-15 of the '556 patent. However, UCB's exact process is not publicly available.   After an opportunity

4

for discovery, there is likely to be evidence that the process UCB, Inc. uses to manufacture UCB's Univasc® Product comprises reacting moexipril or an acid addition salt thereof with an alkaline magnesium compound in the presence of a solvent so as to convert the moexipril or moexipril acid addition salt to moexipril magnesium, which process is covered by the '556 patent.

19. On information and belief, Defendant Schwarz Pharma Manufacturing Inc., and/or its agents, affiliates, predecessors, and/or successors, manufactured, supplied, and/or authorized Cobalt Laboratories to market and sell a version of Univasc® ("Cobalt's Univasc® Product"). On information and belief, Cobalt's Univasc® Product was marketed and sold under UCB's Univasc® NDA. According to the product label, Cobalt's Univasc® Product was manufactured by Schwarz Pharma Manufacturing, Inc. and contains moexipril hydrochloride, magnesium oxide, and magnesium stearate. However, testing of Cobalt's Univasc® Product demonstrates that it contains moexipril magnesium, which is an indication that Cobalt's Univasc® Product is made by a process covered by claims 1-15 of the '556 patent. However, Cobalt's exact process is not publicly available. . After an opportunity for discovery, there is likely to be evidence that the process used to manufacture Cobalt's Univasc® Product comprises reacting moexipril or an acid addition salt thereof with an alkaline magnesium compound in the presence of a solvent so as to convert the moexipril or moexipril acid addition salt to moexipril magnesium, which process is covered by the '556 patent.

20. On information and belief, Defendant Kremers Inc. and/or its agents, affiliates, predecessors, and/or successors received approval from Defendant UCB,,Inc. and/or its

agents, affiliates, predecessors, and/or successors to market and sell a version of Univasc® ("Kremers' Univasc® Product") in the United States. Upon information and belief, Kremers' Univasc® Product was marketed and sold under UCB's Univasc® NDA.

21.     On information and belief, the same process was and is used to manufacture UCB's, Cobalt's and Kremers' Univasc® Products (together, "the Accused Univasc® Products").

22.     Apotex is presently not aware of any analytical technique which can be used to *definitively* establish that UCB's, Cobalt's or Kremers' Univasc® Products were made by use of one or more processes claimed in the '556 Patent. However, based on analytical studies available to it, Apotex believes that Defendants are likely practicing processes covered by the claims of the '556 Patent. Apotex resorts to the judicial process and the aid of discovery to determine under appropriate judicial safeguards the exact process used by Defendants to confirm its belief that Defendants infringe one or more claims of the '556 Patent.

### Uniretic® Products

23.     Defendant UCB, Inc., through Schwarz Pharma Inc., has approval from the FDA for New Drug Application No. 02-0729 ("UCB's Uniretic® NDA") to market and sell Uniretic® in the United States. According to the product label, Uniretic® contains moexipril hydrochloride, magnesium oxide, and magnesium stearate.

24.     On information and belief, Schwarz Pharma Inc. and/or its agents, affiliates, predecessors and/or successors, manufactured, supplied, and/or authorized Cobalt Laboratories to market and sell a version of Uniretic® ("Cobalt's Uniretic® Product"). On

information and belief, Cobalt's Uniretic® Product was marketed and sold under UCB's Uniretic® NDA.  According to the product label, Cobalt's Uniretic® Product contains moexipril hydrochloride, magnesium oxide, and magnesium stearate.

25. On information and belief, Kremers Inc. and/or its agents, affiliates, predecessors and/or successors, received approval from UCB, Inc. and/or its agents, affiliates, predecessors, and/or successors to market and sell a version of Uniretic® ("Kremers' Uniretic® Product") in the United States.  Upon information and belief, Kremers' Uniretic® Product was marketed and sold under UCB's Uniretic® NDA.

26. On information and belief, the same process is used to manufacture UCB's, Cobalt's and Kremers' Uniretic® Products (together, "the Accused Uniretic® Products").

27. Apotex is presently not aware of any analytical technique which can be used to *definitively* establish that the Accused Uniretic® Products were made by using one or more processes claimed in the '556 Patent.  However, based on analytical studies available to it, Apotex believes that Defendants are likely practicing processes covered by the claims of the '556 Patent.  Apotex resorts to the judicial process and the aid of discovery to determine under appropriate judicial safeguards the exact process used by Defendants to manufacture the Accused Uniretic® Products to confirm its belief that Defendants infringe one or more claims of the '556 Patent.

**COUNT I**
**INFRINGEMENT OF THE PROCESS CLAIMS OF U.S. PATENT NO. 6,767,556**
(Accused Univasc® Products)

28. The allegations of paragraphs 1-27 are realleged and incorporated herein by reference.

29. Upon information and belief, which is likely to be substantiated through discovery, Defendants have infringed one or more of claims 1-15 of the '556 Patent by using a process covered by those claims to manufacture products, and specifically the Accused Univasc® Products, and/or by importing, selling and/or offering for sale the products of such process into the United States in violation of 35 U.S.C. §271 (a) and/or (g).

**COUNT II**
**INFRINGEMENT OF THE PROCESS CLAIMS OF U.S. PATENT NO. 6,767,556**
(Accused Uniretic® Products)

30. The allegations of paragraphs 1-27 are realleged and incorporated herein by reference.

31. Upon information and belief, which is likely to be substantiated through discovery, Defendants have infringed one or more of claims 1-15 of the '556 Patent by using a process covered by those claims to manufacture products, and specifically the Accused Uniretic® Products, and/or by importing, selling and/or offering for sale the products of such process into the United States in violation of 35 U.S.C. §271 (a) and/or (g).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against each Defendant and grant the following relief:

a. A judgment and decree that the '556 Patent is valid and enforceable;

b. A judgment and decree that each Defendant has infringed one or more of claims of the '556 Patent in violation of 35 U.S.C. § 271;

c. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each Defendant and its officers, agents, employees and all others in concert or participation with them from acts of infringement of the '556 Patent;

d. An order, pursuant to 35 U.S.C. § 284, awarding damages adequate to compensate for Defendants' infringement of the '556 Patent in an amount to be determined at trial, but in no event less than a reasonable royalty; and

e. Such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Apotex demands a trial by jury.

Dated: April 20, 2012

Respectfully submitted,

/s/Matthew S. Nelles_____
MATTHEW S. NELLES
Fla. Bar No. 009245
mnelles@broadandcassel.com
BROAD AND CASSEL
Attorneys for Plaintiffs
One Financial Plaza
100 S.E. Third Ave., Suite 2700
Fort Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135

**Co-Counsel**

**KATTEN MUCHIN ROSENMAN LLP**

Robert B. Breisblatt
Fla. Bar No. 145928
robert.breisblatt@kattenlaw.com
Eric C. Cohen
Brian J. Sodikoff
Martin S. Masar III
Christopher B. Ferenc
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5480
eric.cohen@kattenlaw.com
brian.sodikoff@kattenlaw.com
martin.masar@kattenlaw.com
christopher.ferenc@kattenlaw.com

*Attorneys for Defendants Apotex Corp. and Apotex Inc.*