UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-60706-MIDDLEBROOKS/BRANNON

APOTEX, INC., et al.

        Plaintiffs,

v.

UCB, INC., et al.,
        Defendants.
_____/

## APOTEX'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING QUESTIONS OF LAW FROM PRESENTATION TO THE JURY (D.E. 144)

Apotex Inc. and Apotex Corp. ("Apotex") hereby submit this Reply in Support of Apotex's Motion *in Limine* to Preclude Evidence and Argument Concerning Questions of Law from Presentation to the Jury.

### Introduction

Apotex filed a motion *in limine* seeking to preclude Defendants ("UCB") from presenting evidence and argument concerning claim construction issues (including indefiniteness and disclaimer) and equitable defenses (including inequitable conduct, laches and judicial estoppel) from the jury. (*See* Pls.' Mot. *in Limine* to Preclude Evid. & Argument Concerning Questions of Law from Presentation to the Jury (D.E. 144).) All of the above issues must be decided by the Court rather than a jury and presenting evidence and argument on them will only confuse and mislead the jury—and prejudice Apotex. (*Id.*) In its opposition, UCB does not dispute that the these issues are to be decided by the Court.  In fact UCB argues that it would be desirable for the Court to decide these issues on summary judgment and by issuing a claim construction.  Thus, Apotex and UCB agree that these issues need not go to a jury and are ideally decided in advance of trial.

1

Nonetheless, UCB opposes Apotex's request to remove these issues from the jury's consideration and argues that Apotex has waived its ability to withdraw its jury demand on any issues including UCB's equitable defenses. (*See* UCB's Opp'n to Pls.' Mot. *in Limine* to Preclude Evid. & Argument Concerning Questions of Law from Presentation to the Jury (D.E. 156).)  Only if the Court declines to dispose of these issues prior to trial will it have to analyze the points in dispute in this motion sequence, which are relatively discrete.

The first disputed point concerns the appropriateness of permitting the jury to be confronted with potentially voluminous evidence and argument concerning the above-listed issues even though little, if any, of it is relevant to the issues the jury must actually decide. UCB's assertions of factual overlap between legal and equitable issues fall flat. Indeed, UCB only alleges two potential instances of overlapping issues, and neither of these allegations has merit when examined with precision. First, UCB alleges that the testimony of Dr. Sherman (the inventor of the '556 patent) regarding "his nondisclosure of the material prior art PCT Reference" is relevant to both invalidity (anticipation) and unenforceability (inequitable conduct). D.E. 156 at 8.  This position ignores that Dr. Sherman's alleged intent to deceive the USPTO is wholly irrelevant to the issue the jury will decide—invalidity.  Second, UCB argues that three studies conducted by Apotex between 2001 and 2006 are relevant to inequitable conduct, anticipation, and infringement. (D.E. 156 at 8.) However, those studies are the subject of a pending motion *in limine* from Apotex, (D.E. 145), and even if they are not wholly excluded,  there is very little evidentiary overlap: the studies are not prior art and have been deemed "useless" in determining infringement by UCB's own expert.  (*See* D.E. 145, 165.)

As such, separating these issues at trial would vastly simplify the issues for the jury and would consume little or no more judicial resources than lumping them together in the manner

endorsed by UCB. As explained in Apotex's opening brief, permitting UCB to confuse the jury by arguing its equitable defenses and making spurious allegations of fraud would undoubtedly prejudice Apotex. In contrast, other than a vague reference to trial preparation, UCB articulates no prejudice that would result from excluding these issues from the jury's consideration. Under these circumstances, trying these issues before the Court alone would both alleviate prejudice to Apotex and serve judicial economy.

The second discrete point of disagreement concerns UCB's brief argument that Apotex cannot limit its jury demand at this stage. Federal Rule of Civil Procedure 39 plainly empowers the Court to separate the legal from the equitable issues at trial even if the Court deems Apotex not to have limited its jury demand apart from its Motion. For all of these reasons, the Court should grant Apotex's Motion.

## Argument

**I.    Apotex Respectfully Requests that the Court Rule on Laches, Inequitable Conduct, Judicial Estoppel and Disclaimer on Summary Judgment, and that the Court Issue a Claim Construction Before Trial.**

Apotex and UCB agree that it is desirable for the Court to decide the issues referenced in this motion sequence on summary judgment (on the issues of disclaimer, inequitable conduct, laches, and judicial estoppel)[1] and by issuing a claim construction in advance of trial. (D.E. 144 at 2–3, 8; D.E. 156 at 2–3.) Claim construction (including indefiniteness and disclaimer) is an issue of law for the Court to decide, and Apotex and UCB have fully briefed their requested claim constructions. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996); *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008); Pls.' Br. Regarding Claim Constr.

---

[1] To be clear, only Apotex is entitled to summary judgment. UCB is not entitled to summary judgment because of material facts relevant to its theory of the case. (*See* Apotex's Mot. for Summ. J. (D.E. 97); Apotex's Reply in Supp. of Mot. for Summ. J. (D.E. 136); Apotex's Br. in Opp'n to UCB's Mot. for Summ. J. (D.E. 122).)

Issues (D.E. 146) at 1 (and docket entries cited therein). There is no dispute that the defenses of inequitable conduct, laches, and judicial estoppel, being equitable in nature, all must also be decided by the Court. (*See* D.E. 144 at 7; D.E. 156 at 1–2.) The parties have fully briefed these issues for summary judgment. (D.E. 144 at 2–3 (and sources cited therein); D.E. 156 at 1–2, 3.) All of these issues can be resolved by the Court at the present time, either on summary judgment or through claim construction, without need for a trial.

The Court would expedite the resolution of this lawsuit by deciding these issues before trial. By ruling in Apotex's favor on summary judgment and claim construction, the Court will streamline the case considerably, permitting the parties (and the jury) to focus on the central issue of infringement rather than the technicalities of claim construction or the myriad equitable defenses raised by UCB in recent months. While summary judgment in favor of Apotex is warranted, even if the Court were to decide summary judgment in UCB's favor, the issues to be resolved at trial would be substantially curtailed, at minimum. (*See* D.E. 156 at 3.) Therefore, Apotex hereby respectfully renews its request that the Court decide the issues of claim construction, indefiniteness, disclaimer, inequitable conduct, laches, and judicial estoppel on summary judgment and by issuing a claim construction, rather than at trial.

**II.     If the Court Does Not Rule on These Issues Before Trial, It Should Exclude Evidence and Argument Concerning Them from the Jury.**

UCB admits that inequitable conduct, laches, and judicial estoppel are equitable defenses on which the Court must ultimately rule (D.E. 156 at 3), but points out that a court may permit the jury to make the factual determinations underlying these equitable defenses (*id.* at 4–5.) Apotex does not question the Court's *power* to refer to the jury's factual findings; however, under the circumstances of this case, the Court should decline to exercise that power given the prejudice to Apotex and confusion to the jury that would result.

4

Apotex's opening brief explained why the Court should keep evidence and argument on the equitable defenses from the jury, and there is no need to fully restate these points here. (*See* D.E. 144 at 7–11.) But UCB's opposition brief has thrown the two primary disagreements between Apotex and UCB into sharp relief, one concerning the factor of prejudice, and one concerning the factor of judicial economy. Because Apotex would suffer prejudice if its Motion is denied, and because granting Apotex's Motion would not result in little if any greater expenditure of judicial resources, Apotex's Motion to keep the above-mentioned issues from the jury should be granted.

### A. Apotex Will Suffer Prejudice If Its Motion Is Denied, but UCB Will Suffer No Prejudice If Apotex's Motion Is Granted.

This Court has noted before that prejudice is "the most important consideration" in determining whether to bifurcate a trial. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1348 (S.D. Fla. 2008) (citing *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 621 (N.D. Ill. 2000)). *Bunn-O-Matic*, cited approvingly by this Court, held that a court must balance two types of competing prejudice: the prejudice arising from jury confusion if bifurcation is denied, and the prejudice caused by delay if separate trials and discovery are ordered. 195 F.R.D. at 621.

Apotex will certainly be prejudiced if evidence irrelevant to any issue the jury must decide is nevertheless permitted to color the jury's opinion on the issues that *are* relevant, or to confuse or mislead the jury. (*See* D.E. 144 at 7–10.) Contrary to UCB's suggestions, the prejudice to Apotex would be *unfair*, not simply damaging. UCB's strategy is evident; it seeks to distract from its infringement by painting the inventor of the '556 patent, Dr. Sherman, in an unflattering light. Many courts have recognized the unfairness that this approach (intentionally) produces, and have removed these issues from the jury's consideration under circumstances similar to those in this case. (*See* D.E. 144 at 8–9 (and sources cited therein); *e.g.*, *THK Am. V.*

5

*NSK, Ltd.*, No. 90 C 6049, 1996 WL 33398071, at *1 (N.D. Ill. Jan. 9, 1996) (forbidding the defendant from presenting evidence of the plaintiff's fraudulent misconduct in an attempt to "try the inventor and not the invention").)

In contrast, UCB's allegations that it will suffer prejudice are entirely conclusory and unconvincing. (*See* D.E. 156 at 6 (alleging that "if [the Court] were to strike Apotex's demand for a jury trial as to certain issues at this late stage, UCB – not Apotex – would be prejudiced.").) UCB entirely fails to articulate exactly how it will be prejudiced if Apotex's motion is granted. In the absence of any such explanation, UCB's allegations that it would be prejudiced by a grant of Apotex's motion are not supported, and not credible.

Apotex will suffer prejudice if its motion is denied, but the converse is not true. UCB will suffer no prejudice if Apotex's motion is granted. Therefore, the factor of prejudice weighs decisively in favor of granting Apotex's motion.

> B. <u>Bifurcation of Issues In This Case Would Have Little If Any Effect on Judicial Economy.</u>

The second factor in the bifurcation analysis disputed by the parties concerns judicial economy. As a threshold matter, UCB asks the Court to apply the incorrect standard to Apotex's request to remove certain issues from the jury's consideration. (See D.E. 156 at 7.) It boldly states that "[c]ourts in the Eleventh Circuit bifurcate only when it 'enhances judicial economy and neither party is prejudiced by having separate trials.'" (*Id.* (quoting *Precision Shooting Equip., Inc. v. Golden Eagle Indus., LLC*, No. 8:00-450CIV-T17TGW, 2005 WL 1669120, at *2 (M.D. Fla. July 8, 2005)). In fact, only two cases within the Eleventh Circuit have ever applied this questionable standard: *Precision Shooting*, which cites only Federal Rule of Civil Procedure 42(b) for authority, and *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1336 (M.D. Fla. 2006), which cites only *Precision Shooting* for authority.

6

UCB's proposed standard is flatly contradicted by the plain text of Rule 42(b), which provides that "[f]or convenience, to avoid prejudice, *or* to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." (emphasis added). This observation is confirmed by the great bulk of case law from within the Eleventh Circuit, which emphasizes the discretion district courts have to bifurcate for *any* of the reasons listed in Rule 42(b). *See, e.g.*, *Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 939 (11th Cir. 2001); *Romero v. Fla. Power & Light Co.*, 6:09-CV-1401-ORL-36, 2012 WL 1970125, at *2 (M.D. Fla. June 1, 2012) (granting a motion to bifurcate and stating that Rule 42(b) "confers broad discretion on the district court in this area, permitting bifurcation under many circumstances . . . .") (quotation marks omitted).

The *Harrington* decision from the Court of Appeals for the Eleventh Circuit is particularly instructive. There, the appeals court affirmed the district court's decision to bifurcate, commenting that Rule 42(b) grants district courts "broad discretion" to bifurcate, that the test established by Rule 42(b) is "not a high standard," and that "the district court's concern for clarifying the issues to be tried suffices to permit the court to separate trials." 251 F.3d at 939 (emphasis added). Simply put, the standard urged by UCB is not the law. As *Harrington* confirms, the desire of a district court to clarify issues for trial is sufficient to support its decision to bifurcate under Rule 42(b).

Moving to application of the standard, the cases cited by both UCB and Apotex support the proposition that where there is little or no evidentiary overlap, bifurcation of issues is often the most appropriate course. (*See* D.E. 144 at 8–11; D.E. 156 at 6–8). As explained in Apotex's opening brief, there is virtually no evidentiary overlap between the legal and equitable issues in

7

this case. (*See* D.E. 144 at 10–11.) UCB disagrees, but is able to cite only two examples of supposed evidentiary overlap, neither of which withstands passing scrutiny.

First, UCB states there is overlap in that the "inventor of the '556 patent, Bernard Sherman, will be called to testify on issues relevant to both unenforceability and invalidity, including, for example, his nondisclosure of the material prior art PCT Reference, which anticipates the claimed invention." (D.E. 156 at 8.) But this is not an example of possible evidentiary overlap. Rather, UCB is conflating two separate sets of issues: those concerning whether the '556 patent is anticipated or rendered obvious by the prior art, which the jury will decide, and the question of Dr. Sherman's knowledge of prior art and intent with respect to disclosure of that prior art, which the Court must decide. The question of Dr. Sherman's knowledge and intent has no bearing on the validity of the claims of the patent, an issue decided based on the objective perspective of a hypothetical person of ordinary skill in the art.

Indeed, Dr. Sherman's knowledge and intent is *only* relevant to the inequitable conduct defense, and if presented to the jury, would at best cause confusion because that evidence is irrelevant to any issue for the jury to decide. Apparently, UCB has itself been confused by the very same cluster of issues that it claims the jury will have no trouble disentangling. (*See generally* D.E. 165.)  In any event, allowing Defendants to confuse the relevant issues with spurious allegations of fraud would be highly prejudicial to Apotex. Given the lack of factual overlap between these two distinct issues, it will not impair the efficiency of the trial process if the Court hears evidence and argument concerning Dr. Sherman's intent outside of the jury's presence.

UCB's only other example of factual overlap is it's assertion that Apotex's 2001–2006 testing is relevant to unenforceability, invalidity and infringement. (D.E. 156 at 8.)  However, as

set forth in Apotex's currently pending Motion *in Limine* Regarding Apotex's 2001–2006 Studies and Reply, (D.E. 145, 165), the 2001–2006 studies are not prior art and are not relevant to infringement or invalidity. In fact, these studies are relevant only to the issue of inequitable conduct (and even then, only under UCB's theory of the case). If Apotex's motion regarding the studies is granted, as it should be, UCB's grievance on this point will be mooted.

Even if Apotex's motion is denied, there will be little, if any, evidentiary overlap. Only a handful of exhibits of the nearly 1,000 on the parties' exhibit lists are relevant to the 2001–2006 testing, and this testing is—at most—of marginal relevance to the issues of invalidity and infringement. (*See* D.E. 145 at 4–5 (arguing that the 2001–2006 studies are not relevant to invalidity because all of them were conducted after the '556 patent was filed); *id.* at 4 (arguing that the 2001–2006 studies are not relevant to infringement because they are "useless" for determining whether UCB's methods result in at least 80 percent conversion of moexipril).) In fact, UCB did not even argue that the studies were relevant to any issues other than inequitable conduct and laches prior to filing its opposition to Apotex's motion *in limine* concerning the 2001–2006 testing. (*See* D.E. 157.) This, coupled with the limitations of this evidence with respect to any claims for the jury (*see generally* D.E. 145, 165), demonstrates that if these studies are relevant at all they certainly will not be the focus of either party's case on the issues of infringement or validity.

Because Apotex has demonstrated that the factor of prejudice weighs in favor of granting its motion, and because UCB has failed to show that a grant of Apotex's motion will have anything more than a minimal impact on judicial economy, Apotex's motion should be granted.

### III. UCB Has No Federal Right to a Trial By Jury on Its Equitable Defenses, Regardless of Whether Apotex Waived Withdrawal of Its Jury Demand.

UCB argues briefly that because Apotex demanded a trial by jury without specifying the issues to which the demand applied, it cannot now request that UCB's equitable defenses be tried by the Court alone. (D.E. 156 at 5–6.) It is mistaken. Under Federal Rule of Civil Procedure 39(a)(2), when there has been a jury demand, "trial on all issues so demanded must be by jury *unless* . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." (emphasis added).

Apotex seeks only to remove evidence and argument concerning equitable defenses from the jury's consideration. "Generally there is no federal right to a jury trial on equitable issues," and UCB does not and cannot assert that it has a right to a trial by jury on its purely equitable defenses. *E.g.*, *Mente Chevrolet Oldsmobile Inc. v. GMAC*, 728 F. Supp. 2d 662, 673 n.26 (E.D. Pa. 2010). Here, not only is there no federal right to a trial by jury on UCB's defenses, but they specifically must be decided by the Court rather than by a jury. (*See* D.E. 144 at 7.) Thus, the Court is well within its powers to grant Apotex's Motion and remove these equitable issues from the jury.

### Conclusion

For the foregoing reasons, Apotex hereby respectfully requests that the Court grant its Motion *in Limine* to Preclude Evidence and Argument Concerning Questions of Law from Presentation to the Jury.

Dated: June 17, 2013                        Respectfully submitted,

                                               /s/ Brian J. Sodikoff
                                          Matthew S. Nelles
                                          Fla. Bar. No. 009245
                                          mnelles@broadandcassel.com

Broad and Cassel
One Financial Plaza
100 S.E. Third Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Telephone: (954) 764–7060
Facsimile: (954) 761–8135

KATTEN MUCHIN ROSENMAN LLP
Robert B. Breisblatt (Fla. Bar No. 145928)
robert.breisblatt@kattenlaw.com
Brian J. Sodikoff (admitted *pro hac vice*)
brian.sodikoff@kattenlaw.com
Martin S. Masar III (admitted *pro hac vice*)
martin.masar@kattenlaw.com
Elese E. Hanson (admitted *pro hac vice*)
elese.hanson@kattenlaw.com
525 W. Monroe Street
Chicago, Illinois 60607
Telephone: (312) 902-5200
Facsimile: (312)-902-1061

*Attorneys for Plaintiffs Apotex, Inc. and Apotex Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 17th day of June 2013, I electronically filed the foregoing PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING QUESTIONS OF LAW FROM PRESENTATION TO THE JURY (D.E. 144) using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       /s/ Robert B. Breisblatt
      Robert B. Breisblatt

## SERVICE LIST

Maria J. Beguiristain
White & Case LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
mbeguiristain@whitecase.com

*Attorneys for Defendants*
*UCB, Inc. and Kremers*
*Urban Pharmaceuticals, Inc.*

Dimitrios T. Drivas (*pro hac vice*)
Adam Gahtan (*pro hac vice*)
Amit H. Thakore (*pro hac vice*)
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
ddrivas@whitecase.com
agahtan@whitecase.com
athakore@whitecase.com

*Attorneys for Defendants*
*UCB, Inc. and Kremers*
*Urban Pharmaceuticals, Inc.*