UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60706-CIV-MIDDLEBROOKS/BRANNON

APOTEX, INC., et al.,

    Plaintiff/Counter-Defendants,

vs.

UCB, INC., et al.,

    Defendants/Counter-Plaintiffs.
_____/

## ORDER

THIS CAUSE comes before the Court following the Status Conference held on July 11, 2013.[1] The Court conducted the Status Conference several weeks before the July 29, 2013, trial period at the request of the Parties in order to address several issues pending before the Court, including the cross Motions for Summary Judgment filed by both sides. The Parties were able to provide arguments on the Motions at the Status Conference, and answer questions presented by the Court. However, as I informed the Parties on the record, I am not inclined to rule on the Motions without testimony from the witnesses and a more fully developed record, especially given the specialized knowledge and understanding required. Additionally, in the patent context, and in this case in particular, the majority of the issues are to be determined by the Court, rather than a jury. For these reason, and those stated on the record, the better course is to proceed to a full trial, and the Motions are to be denied. *See Lind v. United Parcel Service, Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001) (noting that trial courts have the power to deny summary judgment

---

[1] All Parties were present at the Status Conference.

1

if there is reason to believe that the better course would be to proceed to a full trial, even in the absence of a factual dispute).[2]

Further, as discussed with the Parties, and without objection, I determined that this trial should begin with the non-jury issues on July 29, 2013, in the form of a bench trial. These issues include laches, unenforceability, claim construction, estoppel, and invalidity. Upon conclusion of the bench trial and the construction of the claims, if necessary, a jury will be selected, and the Parties will try the issues of infringement and damages as discussed in today's Status Conference.[3]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Summary Judgment (DE 97) is **DENIED**;

2. Defendants' Motion for Summary Judgment (Sealed DE 99) is **DENIED**;

3. Plaintiff's Motion to Exceed Page Limits (DE 94) is **GRANTED**;

4. Defendants' Request for Oral Argument (DE 96) is **DENIED** as moot;

5. Defendants' Motion for Permission to File Under Seal (DE 98) is **DENIED**. The Clerk of Court shall **DESTROY** all paper copies of the documents sought to be sealed under this Motion;

---

[2] Courts in the past have exercised great restraint in granting motions under Rule 56 in patent litigation. As in this case, "[p]atent suits may involve questions requiring an inquiry into a litigant's state of mind, thus precluding summary judgment." 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 23732.1 (3d ed. 1998). The technical facts and expert testimony often required for patent cases are also cited as reasons for the careful consideration due to Rule 56 motions in patent cases. *Id.*

[3] I also reaffirmed to the Parties my disfavor for sealing trial proceedings. Since the Motions for Summary Judgment are being denied, I will also deny the several Motions to Seal currently pending.

6. Defendants' Motion for Permission to File Under Seal (DE 100) is **DENIED**. The Clerk of Court shall **DESTROY** all paper copies of the documents sought to be sealed under this Motion.

7. Plaintiffs' Request for Oral Argument (DE 102) is **DENIED** as moot;

8. Defendants' Motion to Strike and Motion for Expedited Briefing (DE 104) is **DENIED** as moot;

9. Plaintiffs' Motion for Leave to File Under Seal (DE 108) is **DENIED**. The Clerk of Court shall **DESTROY** all paper copies of the documents sought to be sealed under this Motion;

10. Plaintiffs' Motion for Summary Judgment (DE 109) is **DENIED**;

11. Plaintiffs' Motion for Leave to File Under Seal (DE 126) is **DENIED**. The Clerk of Court shall **DESTROY** all paper copies of the documents sought to be sealed under this Motion;

12. Plaintiffs' Motion for Pretrial Conference (DE 141) is **DENIED** as moot;

13. Plaintiffs' Motion for Leave to File Under Seal (DE 150) is **DENIED**. The Clerk of Court shall **DESTROY** all paper copies of the documents sought to be sealed under this Motion;

14. With regard to the Motions to Seal pending in relation to the *in limine* motions, the Parties may either (1) withdraw their motions and file the exhibits in the public record, or (2) file supplemental briefing to show the requisite good cause for *each specific document* sought to be sealed. If the Motions are not withdrawn and no supplemental briefing is submitted **within seven days**, they will be denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 11 day of July, 2013.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record