UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-60706-CIV-MIDDLEBROOKS-BRANNON
(consolidated with 12-60707-CIV-MIDDLEBROOKS/BRANNON)

APOTEX, INC. *et al*.,

    Plaintiffs,

v.

UCB, INC., *et al.*,

    Defendants.

_____/

**PLAINTIFFS' MOTION TO STAY ATTORNEYS' FEES DETERMINATION**

Plaintiffs, Apotex, Inc. and Apotex Corp. ("Apotex") move this Court pursuant to Fed. R. Civ. P. 54(d) to stay briefing on any motion for attorneys' fees until after the Federal Circuit rules on Apotex's pending appeal because the Federal Circuit's ruling is likely to affect the factors relevant to the Court's consideration of a fee award.

**I.    PROCEDURAL BACKGROUND**

On April 20, 2012, Apotex filed a complaint in this action, alleging infringement of the U.S. Patent No. 6,767,556 ("the '556 patent") by UCB, Inc. and Kremers Urban Pharmaceuticals, Inc. (collectively, "UCB"). *See* D.E. 1. Beginning July 29, 2013, the Court held a three-day bench trial on claim construction and equitable issues to be resolved by the Court, with a jury trial scheduled to follow for the remaining issues. On September 6, 2013, the Court found the '556 patent invalid and unenforceable. *See* D.E. 222. The Court, *sua sponte*, noted that the case "appears to meet the requirements of an 'exceptional' case under 35 U.S.C. § 285" and that it was inclined to award attorneys' fees to UCB. *Id*. at 67. However, the Court found it prudent to allow Apotex an opportunity to be heard on this issue and stated it would consider this issue "only upon a motion by UCB and after full briefing." *Id.* On September 19,

2013, the Court issued its Final Judgment in which it retained jurisdiction to consider the issue of attorneys' fees and costs under 35 U.S.C. § 285.  D.E. 225.  Apotex timely filed its Notice of Appeal on September 23, 2013.  D.E. 226.  To date, UCB has not yet filed a motion for attorneys' fees under § 285.

## II.   LEGAL PRINCIPLES

In exceptional cases, district courts may award "reasonable attorney fees" to the "prevailing party" pursuant to 35 U.S.C. § 285.  Determining whether attorneys' fees should be awarded under § 285 is a two-step process.  *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1381 (Fed. Cir. 2010) (citation omitted).  First, the Court must decide whether the prevailing party has proven, by clear and convincing evidence, that the case is "exceptional."  *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003).  If so, then the Court must exercise its discretion to determine whether an award of attorneys' fees is appropriate.  *Id.* at 1328.

An award of attorneys' fees is intended to be the exception rather than the rule.  *Id.* at 1329.  Thus, "even an exceptional case does not require in all circumstances the award of attorney fees."  *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986); *see also Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 815 (Fed. Cir. 1990) (referring to Federal Circuit's "repeated statement that not every case deemed 'exceptional' must result in a fee award"); *JP Stevens Co. v. Lex Tex Ltd.*, 822 F.2d 1047, 1050-53 (Fed. Cir. 1987) (affirming denial of attorneys' fees despite finding that case was exceptional).

The Federal Circuit has stated that awarding fees to an accused patent infringer is justified only if it would be a "gross injustice" to require the prevailing party to bear its own costs.  *See, e.g.*, *JP Stevens*, 822 F.2d at 1051-52; *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 690-92 (Fed. Cir. 1984); *see also eSpeed, Inc. v. Brokertek USA, L.L.C.*, 417 F. Supp.

2d 580, 593-94, 598-600 (D. Del. 2006) (declining to award fees despite finding that case was exceptional due to intentional deceit of Patent and Trademark Office); *Cognex Corp. v. VCode Holdings, Inc.*, Civ. No. 06-1040 (JNE/JJG), 2008 WL 3261158, at *8, 10-12 (D. Minn. Aug. 7, 2008) (same).

The Federal Circuit has also emphasized that, while an inequitable conduct finding may form the basis for an exceptional case determination, "there is no per se rule of exceptionality in cases involving inequitable conduct," and there are "numerous instances in our caselaw . . . affirm[ing] a district court's denial of attorney fees" despite a finding by the court of inequitable conduct. *Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1358 (Fed. Cir. 2008); *see also, e.g.*, *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1377-78 (Fed. Cir. 2002) (affirming lower court's finding that case was not exceptional despite a determination of patent unenforceability).

In determining whether to award fees, the Court should weigh factors such as the closeness of the questions involved, the conduct of the parties and the tactics of counsel, and "any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *S.C. Johnson & Son*, 781 F.2d at 201. Because an appellate decision may affect the factors relevant to an award of attorneys' fees, district courts may defer ruling on a motion for attorneys' fees pending appellate review on the merits. Fed. R. Civ. P. 54(d), 1993 Advisory Committee's Note ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, ***may defer its ruling on the motion, or may deny the motion without prejudice***….") (emphasis added); *see also, e.g., Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 182 F.3d 1356, 1360 n.2 (Fed. Cir. 1999).

3

### III. THE COURT SHOULD STAY BRIEFING AND ADJUDICATION OF AN AWARD OF ATTORNEYS' FEES IN THE INTERESTS OF JUDICIAL ECONOMY AND EFFICIENCY

Apotex has appealed the Court's rulings on the invalidity and unenforceability of the '556 patent. A Federal Circuit decision in Apotex's favor would obviate the need for this Court to consider whether an award of fees is justified. However, even if the Court's judgment is affirmed (as a whole or in part), the Federal Circuit's decision may clarify or change the legal and factual underpinnings of issues relevant to an award of attorneys' fees, thereby requiring the Court to reconsider the fee issue. It makes little sense for the Court or the parties to continue to expend additional time and resources on a determination of an attorneys' fees award when an appellate decision may require the Court to revisit this issue. This is especially so considering that UCB has not yet submitted a motion for fees. Accordingly, in the interest of judicial economy and to conserve the parties' and the Court's time and resources, the Court should stay any briefing on attorneys' fees until after a decision on appeal.

As recognized in the Advisory Committee Notes to the Federal Rules of Civil Procedure, it is proper for a district court to defer ruling on attorneys' fees pending an appeal on the merits. Fed. R. Civ. P. 54(d), 1993 Advisory Committee's Note. The Federal Circuit has also noted that staying consideration of a fee award pending the appeal of an unenforceability ruling is an appropriate course of action. *See, e.g., Pharmacia*, 182 F.3d at 1360 n.2 ("We note that the *Mova* case [involving a finding of inequitable conduct in procuring the same patent] is on appeal to this Court. The district court, on remand, may wish to consider staying consideration whether this is an exceptional case until we review the *Mova* judgment").

This course of action makes sense because an appellate decision reversing any of the legal or factual basis of an unenforceability decision may affect the factors relevant to a decision to award fees and result in a fee award being vacated or remanded for reassessment. *See, e.g.,*

4

*Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1186-87 (Fed. Cir. 1995) (affirming finding of unenforceability on one basis, but reversing three other alleged bases for unenforceability and remanding to district court for further assessment of whether to maintain its fee award; further stating that "[i]f the underpinnings [of an award of attorney fees under § 285] are partially reversed, we may remand for further evaluation by the trial court."); *Frazier v. Roessel Cine Photo Tech, Inc.*, 417 F.3d 1230, 1239 (Fed. Cir. 2005) (remanding for redetermination of fee issue where one of two bases for inequitable conduct finding was reversed on appeal); *Scanner Techs. Corp. v. ICOS Vision Systems Corp. N.V.*, 528 F.3d 1365, 1379 (Fed. Cir. 2008) (holding that, because district court clearly erred in finding inequitable conduct, which was the essential foundation of the exceptional case finding, the court likewise erred in finding the case exceptional and therefore abused its discretion in awarding fees); *Research Corp. Techs., Inc. v. Microsoft Corp.*, 536 F.3d 1247, 1254 (Fed. Cir. 2008) (vacating fee award after also reversing underlying inequitable conduct determination).

Not surprisingly, many district courts have found that it is appropriate to defer ruling on motions for attorneys' fees pending an appeal on the merits. *See, e.g.*, *AstraZeneca AB v. Mutual Pharm. Co.,* No. 00-4731, 2003 WL 22794868, at *2 (E.D. Pa. Nov. 12, 2003) ("Given that this Court's determination of whether this is an exceptional case will depend, in part, on the outcome of the appeal that is likely in this case, it is within this Court's discretion to stay the issue of attorneys' fees until such appeals are complete."); *Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*, No. 07-753-LPS, 2011 WL 810003, at *1 (D. Del. Mar. 3, 2011) ("Plaintiffs have appealed this case to the Federal Circuit on merits-related grounds.  The Court is persuaded that the outcome of the appeal will affect resolution of Defendant's exceptional case motion. . . . Accordingly, the Court finds, in its discretion, that judicial efficiency and economy will be promoted by deferring a ruling on Defendant's exceptional case motion."); *Cancer Research*

5

*Tech. Ltd. v. Barr Labs., Inc.*, No. 07-457, 2010 WL 1485656, at *1 (D. Del. Apr. 13, 2010) (denying without prejudice motion for attorneys' fees pending appeal pursuant to the broad discretion of district courts pursuant to Rule 54(d)).

Here too, it is appropriate for the Court to stay briefing and adjudication of an attorneys' fee award until after Apotex's appeal is resolved. The Court's finding of unenforceability rested in significant part on its determinations regarding misrepresentations and/or omissions. If *any* of these determinations is reversed by the Federal Circuit, a fee award would likely be vacated or remanded for reconsideration. *See, e.g., Molins*, 48 F.3d at 1186-87. Rather than revisiting the fee issue for a second time after appeal, it makes more sense to defer briefing and adjudication of an award for attorneys' fees until after the pending appeal is decided. This is particularly true considering that a final decision on an award of fees also requires a determination of the proper amount of any fee award. *See Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1345 (Fed. Cir. 2001) ("[W]e therefore conclude that a decision to award unquantified attorneys' fees in an exceptional case under 35 U.S.C. § 285 is not final."). Under these circumstances, it would be far more efficient for the Court and the Parties to have the benefit of the Federal Circuit's decision prior to expending the time and resources briefing and adjudicating the issue of attorneys' fees.

## IV.  CONCLUSION

For the reasons stated above, the Court should defer briefing and adjudication of the issue of attorneys' fees until after the Federal Circuit rules on Plaintiffs' appeal from this Court's unenforceability and invalidity determinations.

Dated:  September 26, 2013 Respectfully submitted,

        /s/Matthew S. Nelles
        Matthew S. Nelles
        Fla. Bar No. 009245
        mnelles@broadandcassel.com
        BROAD AND CASSEL LLP
        1 Financial Plaza
        100 S. E. 3rd Avenue, Suite 2700
        Ft. Lauderdale, FL 33394
        Telephone:  (954) 764–7060
        Facsimile:  (954) 761–8135

        Co-Counsel:
        KATTEN MUCHIN ROSENMAN LLP
        Robert B. Breisblatt
        robert.breisblatt@kattenlaw.com
        Craig M. Kuchii
        craig.kuchii@kattenlaw.com
        Martin S. Masar III
        martin.masar@kattenlaw.com
        525 W. Monroe Street
        Chicago IL 60661
        Telephone:  (312) 902-5200
        Facsimile:  (312)-902-1061

        *Attorneys for Plaintiffs Apotex, Inc. and Apotex Corp.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 26th day of September, 2013, I electronically filed the foregoing Response with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Matthew S. Nelles
        Matthew S. Nelles