IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-60706-CIV-MIDDLEBROOKS/BRANNON
(CONSOLIDATED)

APOTEX, INC. and APOTEX CORP.,

        Plaintiffs,

v.

UCB, INC., and KREMERS URBAN
PHARMACEUTICALS INC.,

        Defendants.

**UCB'S OPPOSITION TO PLAINTIFFS' MOTION
TO STAY ATTORNEYS' FEES DETERMINATION (D.E. 228)**

        Defendants UCB, Inc. and Kremers Urban Pharmaceuticals Inc. (collectively, "UCB") submit this opposition to Plaintiffs Apotex, Inc. and Apotex Corp.'s (collectively, "Apotex") motion to stay the attorney fees determination (D.E. 228) ("Motion").

**INTRODUCTION**

        Apotex asks the Court to stay the briefing and determination of UCB's motion for attorney fees until the Federal Circuit rules on Apotex's appeal. The Court should deny the Motion. First, briefing on UCB's motion is governed by the Local Rules of the Southern District of Florida ("Local Rules"). Local Rule 7.3 requires that a motion for attorney fees be filed within 60 days of the entry of final judgment, "regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L. R. 7.3(a)(1). Apotex's Motion ignores this rule. Second, because of the complex factual record that supports both the Court's decision on the merits and UCB's fees motion, Apotex's Motion should be denied for reasons of

1

judicial economy and efficiency. The Federal Circuit should not have to review, and the parties should not have to brief, this case twice. Apotex's speculation that the Federal Circuit's decision could affect the fee award is insufficient reason to postpone the Court's determination as to fees. Third, Apotex failed – yet again – to meet and confer with UCB prior to filing the Motion.

## PROCEDURAL HISTORY

In its Opinion and Order dated September 6, 2013, this Court found in favor of UCB on all of the defenses UCB raised during the bench trial held on July 29-31: inequitable conduct, judicial estoppel, prosecution disclaimer, laches, and indefiniteness of the claims of U.S. Patent No. 6,767,556 (the "'556 patent"). (D.E. 222 at 67.) The Court indicated that it was inclined to award attorney fees to UCB under 35 U.S.C. § 285 because the case "appears to meet the requirements of an 'exceptional' case under 35 U.S.C. § 285." (*Id.*) The Court entered final judgment in UCB's favor on September 19, 2013. (D.E. 225.)

Pursuant to Local Rule 7.3, UCB must move for attorney fees within 60 days of the entry of final judgment, "regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L. R. 7.3(a)(1). UCB has served a draft of its motion for attorney fees on Apotex, which now has 21 days to confer with UCB and make any objections. S.D. Fla. L.R. 7.3(b). UCB will file its motion for attorney fees with the Court on or before November 18, 2013.

## ARGUMENT

### I. THE COURT SHOULD DENY APOTEX'S MOTION TO STAY BRIEFING AND DETERMINATION OF UCB'S MOTION FOR ATTORNEY FEES

Apotex's Motion seeks two forms of relief: a stay of the briefing of UCB's motion, and a stay of the Court's determination of that motion. Both should be denied.

### A. Under the Local Rules, UCB's Motion Must Be Briefed *Regardless* of the Pendency of Apotex's Appeal

Local Rule 7.3 requires that motions for attorney fees and non-taxable expenses and costs "be filed within sixty (60) days of the entry of final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L.R. 7.3(a)(1) (emphasis added). Local Rule 7.3 is controlling over the corresponding Rule 54(d) of the Federal Rules of Civil Procedure, on which Apotex relies. *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001); *see* Fed. R. Civ. P. 54(d)(2)(D) ("By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings."). Local Rule 7.3 expressly contemplates the possibility of an appeal and not only allows, but requires, that fee motions be filed notwithstanding a pending appeal. Apotex omits any discussion of Local Rule 7.3 in its Motion, and it fails to cite any Eleventh Circuit or Southern District of Florida authority.

In accordance with Local Rule 7.3, the Court should deny Apotex's Motion to stay briefing on UCB's fees motion.

### B. A Prompt Determination of UCB's Motion Will Promote Judicial Economy and Efficiency

In support of its Motion, Apotex cites the Advisory Committee Notes to Rule 54 of the Federal Rules of Civil Procedure, (D.E. 228 at 4), which states that, if an appeal on the merits is taken, "the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . ." Fed. R. Civ. P. 54(d), 1993 Advisory Committee Notes. Apotex omits, however, that the Advisory Committee Notes offer persuasive reasons for promptly determining the motion:

> In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case. . . .

> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

*Id.* The *Manual for Complex Litigation* provides a similar recommendation. *See Manual for Complex Litigation (Fourth)* § 14.222, at 204 (2004). For these reasons, "[t]he weight of authority . . . is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition until resolution of the appeal." *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007) (denying motion to stay determination of fee petition); *see also Lyon v. Kimberly Clark Corp. Pension Plan*, 2007 WL 1852215, at *1 (D.N.J. June 26, 2007) ("this Court does not conclude that the pending appeal in and of itself offers a sufficient reason for this Court to deny without prejudice Plaintiff's present motion for attorney's fees"); *McCloud v. Sunbury*, 2006 WL 449198, at *1 (M.D. Pa. Feb. 23, 2006) ("We do not recall any instance where we have stayed a motion for attorney's fees and expenses pending the outcome of an appeal . . . . We see no merit in Defendant's motion to stay and it will be denied.").

Here, judicial economy and efficiency would best be served by prompt adjudication of UCB's fees motion. Given the complex factual record in this case, it makes little sense for the Federal Circuit to review these issues twice. If UCB's motion is addressed now, the Federal Circuit would have the opportunity to consider the issues raised in that motion at the same time that it reviews Apotex's appeal on the merits. *See Slip N' Slide Records, Inc. v. TVT Records, LLC*, 2007 WL 1098751, at *3 (S.D. Fla. Apr. 8, 2007) (denying motion to stay fees determination; "the Court is not inclined to grant such an indefinite stay of potentially complex issues that the Court of Appeals may want to consider in conjunction with an appeal of the

ultimate judgment rendered in the case"). A stay, on the other hand, likely would result in the Federal Circuit considering the same factual record twice over the next several years, once on appeal of the Court's decision on the merits, and again on appeal of the Court's fee determination. A stay would also likely require the parties to brief the same factual issues to the Federal Circuit twice.

Contrary to Apotex's assertion, a Federal Circuit decision on the merits in Apotex's favor would not necessarily "obviate the need for this Court to consider whether an award of fees is justified." (D.E. 228 at 4.) Apotex incorrectly assumes that UCB's fees motion rises and falls with the Federal Circuit's decision on inequitable conduct. (D.E. 228 at 6.) UCB's motion, however, is based on at least the following grounds: (1) Dr. Sherman obtained the '556 patent through multiple acts of inequitable conduct, including affirmative egregious misconduct; (2) Apotex filed and maintained an objectively baseless lawsuit in bad faith; and (3) Apotex and its counsel committed litigation misconduct. UCB's motion also seeks sanctions under 28 U.S.C. § 1927 due to "unreasonable and vexatious" litigation conduct that multiplied the proceedings. Thus, the fees determination could be affirmed even in the unlikely event that the Federal Circuit finds there was no inequitable conduct. *See BIAX Corp. v. NVIDIA Corp.*, 2012 WL 1949002, at *2 (D. Colo. May 30, 2012) (denying a motion to stay the fees determination where defendants sought fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927).

The three cases Apotex cites in which a stay was granted are inapposite. In *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 2010 WL 1485656 (D. Del. Apr. 13, 2010), the prevailing defendants requested a stay of their own motion, which merely included "a succinct assertion that the case is exceptional under 35 U.S.C. § 285." *Id.* at *1. Similarly, in *AstraZeneca AB v. Mutual Pharm. Co.*, 2003 WL 22794868 (E.D. Pa. Nov. 12, 2003), the

prevailing plaintiffs requested a stay of their own motion pending appeal, and the defendants "[did] not state any position on this issue." *Id.* at *2. In *Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*, 2011 WL 810003 (D. Del. Mar. 3, 2011), the primary basis for defendant's motion for attorney fees was that plaintiffs unreasonably failed to accept a Rule 54(b) judgment of non-infringement and take an immediate appeal following the court's claim construction ruling, which the defendant characterized as vexatious litigation. *Id.* at *1. The case did not involve fraud or abuse of the judicial process, as this one does.

**II.   THE COURT SHOULD DENY APOTEX'S MOTION IN ITS ENTIRETY BECAUSE APOTEX DID NOT MEET AND CONFER WITH UCB PRIOR TO FILING**

Local Rule 7.1 provides that, with limited exceptions inapplicable here,

> [p]rior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.

S.D. Fla. L.R. 7.1(a)(3). The motion must include a certification that counsel for the movant conferred with all parties or made reasonable efforts to do so. *Id.* Failure to comply with these requirements "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction." *Id.; see Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 2767664, at *2 (S. D. Fla. Aug. 31, 2009).

Apotex's counsel did not confer with UCB's counsel concerning its Motion. Apotex originally filed its Motion on September 26, 2013 without certifying that it had conferred with UCB's counsel. (D.E. 227.) Apotex amended its Motion on September 27, 2013 to add a Certificate of Conference, which stated that "[p]ursuant to Local Rule 7.1(a)(3), Plaintiffs'

counsel has conferred with Defendants' counsel in a good faith effort to resolve the issues in this motion but has been unable to do so." (D.E. 228 at 7.)

Contrary to this certification, Apotex's counsel did not confer with UCB's counsel on the subject of Apotex's Motion prior to filing. While Apotex's counsel did contact UCB's counsel regarding UCB's fees motion, at no point did Apotex's counsel suggest that Apotex intended to file a motion to stay the briefing and adjudication of that motion. Thus, not only did Apotex fail to include the required certification in its initial filing, it amended its filing to falsely certify that it had conferred when it had not.

This is not the first time Apotex's counsel has flouted Local Rule 7.1. On February 21, 2013, Apotex filed a Motion to Exceed Page Limits for Motion For Summary Judgment (D.E. 94) in which Apotex asserted, falsely, that it had conferred with counsel for UCB pursuant to Local Rule 7.1(a)(3) and that UCB "stated that they do not oppose" the motion. When asked to identify the basis for Apotex's erroneous certification, counsel for Apotex stated that the certification was an "oversight." (D.E. 104.)

The Court should deny Apotex's Motion for this additional reason.

## **CONCLUSION**

UCB respectfully requests that the Court deny Apotex's Motion to stay the briefing and determination of UCB's motion for attorney fees in its entirety.

Dated: October 11, 2013

/s/ Maria J. Beguiristain
Maria J. Beguiristain
Florida Bar No. 69851
mbeguiristain@whitecase.com
WHITE & CASE LLP
Southeast Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, Florida 33133
Tel: (305) 371-2700
Fax: (305) 358-5744

Dimitrios T. Drivas
Adam Gahtan
Christopher J. Glancy
Amit H. Thakore
Laura T. Moran
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 819-8200
Fax: (212) 354-8113

*Attorneys for Defendants UCB, Inc. and Kremers Urban Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 11th day of October, 2013, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: /s/ Maria J. Beguiristain
Maria J. Beguiristain

**SERVICE LIST**

Matthew Scott Nelles
mnelles@broadandcassel.com
BROAD AND CASSEL
One Financial Plaza
Suite 2700
Fort Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135

*Counsel for Plaintiffs*

Brian J. Sodikoff
brian.sodikoff@kattenlaw.com
Dennis C. Lee
dennis.lee@kattenlaw.com
Eric C. Cohen
eric.cohen@kattenlaw.com
Martin S. Masar, III
martin.masar@kattenlaw.com
Robert Burton Breisblatt
Robert.Breisblatt@kattenlaw.com
Suresh B. Pillai
suresh.pillai@kattenlaw.com
KATTEN, MUCHIN, ROSWENMAN, LLP
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile:  (312) 902-1061

*Counsel for Plaintiffs*

Christopher B. Ferenc
christopher.ferenc@kattenlaw.com
KATTEN, MUCHIN, ROSWENMAN, LLP
North Tower
2900 K Street NW
Suite 200
Washington, DC 2007
Telephone: (202) 625-3500
Facsimile: (202) 298-7570

*Counsel for Plaintiffs*