UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-60706-MIDDLEBROOKS

APOTEX, INC., and APOTEX CORP.,

    Plaintiffs,

v.

UCB, INC., and KREMERS URBAN
PHARMACEUTICALS, INC.,

    Defendants.
_____/

## ORDER ON ATTORNEYS' FEES AND COSTS

Before the Court is Defendants UCB, Inc. and Kremers Urban Pharmaceuticals Inc.'s (together, "UCB") Renewed Motion for Attorney Fees and Costs. (DE 254). I have considered the Motion, Plaintiff Apotex, Inc. and Apotex Corp.'s ("Apotex") Response (DE 258), and UCB's Reply (DE 261). Subsequently, UCB filed a Supplemental Motion (DE 266), Apotex filed a Response (DE 268), and a Reply was again filed (DE 269). I have also reviewed my Opinion and Order, which followed a bench trial, as well as the Federal Circuit's opinion in *Apotex, Inc. v UCB, Inc.*, 763 F.3d 1354 (Fed. Cir. 2014).

The Supreme Court recently emphasized that district courts have both the authority and responsibility to ensure frivolous cases are dissuaded, pointing out that "[s]ome companies may use patents as a sword to go after defendants for money, even when their claims are frivolous." *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct 1920, 1930-31 (2015). Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from the others with respect to the substantive strength of a party's litigating position (considering both the

governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "[M]any forms of misconduct can support a district court's exceptional case finding, including inequitable conduct before the U.S. Patent and Trademark Office ('PTO'); litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or willful infringement." *Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) (citing *Brasseler, U.S.A., L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001)).

Courts also have inherent power to award attorney fees and other sanctions "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Octane Fitness*, 134 S. Ct. at 1757 (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)). In egregious cases involving fraud on the court or an abuse of the judicial process before trial, a court may utilize its inherent sanctioning power to impose expert witness fees, but such fees are not ordinarily recoverable under the exceptional case standard of Section 285. *Mathis v. Spears*, 857 F.2d 749 (Fed. Cir. 1988); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374 (Fed. Cir. 1994). However, the Federal Circuit has held that "a district court does have authority, in cases of 'bad faith or other exceptional circumstances,' to award prejudgment interest on the unliquidated sum of an award under Section 285." *Mathis*, 857 F.3d at 761.

While the amount is disputed, Apotex does not contest UCB's entitlement to attorneys' fees and costs under Section 285. (DE 258 at 12). I, therefore, find it unnecessary to further detail the misconduct in this case beyond the findings in my Opinion and Order dated September

2

governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "[M]any forms of misconduct can support a district court's exceptional case finding, including inequitable conduct before the U.S. Patent and Trademark Office ('PTO'); litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or willful infringement." *Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) (citing *Brasseler, U.S.A., L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001)).

Courts also have inherent power to award attorney fees and other sanctions "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Octane Fitness*, 134 S. Ct. at 1757 (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)). In egregious cases involving fraud on the court or an abuse of the judicial process before trial, a court may utilize its inherent sanctioning power to impose expert witness fees, but such fees are not ordinarily recoverable under the exceptional case standard of Section 285. *Mathis v. Spears*, 857 F.2d 749 (Fed. Cir. 1988); *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374 (Fed. Cir. 1994). However, the Federal Circuit has held that "a district court does have authority, in cases of 'bad faith or other exceptional circumstances,' to award prejudgment interest on the unliquidated sum of an award under Section 285." *Mathis*, 857 F.3d at 761.

While the amount is disputed, Apotex does not contest UCB's entitlement to attorneys' fees and costs under Section 285. (DE 258 at 12). I, therefore, find it unnecessary to further detail the misconduct in this case beyond the findings in my Opinion and Order dated September

2

6, 2013 (DE 222) and the decision by the Federal Circuit in *Apotex, Inc. v UCB, Inc.*, 763 F.3d 1354 (Fed. Cir. 2014).

In short, as set forth in detail in the earlier Order, this case involved an orchestrated scheme to deceptively obtain a patent by targeting a competitor's existing and widely available product through lies and deception. The scheme involved egregious misconduct throughout the '556 Patent production and trial. I find the case to be exceptional for the purposes of Section 285.

### Attorneys' Fees

First, the issue of fees. Apotex agrees attorneys' fees are recoverable in this case, but argues that a 20% across the board reduction should be applied based upon inadequate and redacted descriptions and that a rate of $355/hour is more appropriate.

I disagree. UCB's counsel has provided the actual invoices provided to UCB, with redactions necessary to preserve attorney-client privilege. UCB offered to submit unredacted bills for *in camera* review, but I find it unnecessary. The nature of the services can be determined despite the redactions.

Moreover, the billing rates appear reasonable. Apotex, citing two district court decisions from the Middle District of Florida and a 2013 American Intellectual Property Law Association's Report of the Economic Survey, suggests that the reported average attorney rates for intellectual property legal work would range from $305 to $355.

I note, however, that the Metro Southeast region referred to in the survey includes cities throughout the Southeastern United States, including Raleigh-Durham, Greensboro-Winston-Salem, and Charlotte, North Carolina, as well as Atlanta, Georgia. It also includes trademark litigation. Further, respondents to the survey were instructed to estimate their response based

upon a single IP asset, such as one patent at issue or one trademark. It is unpersuasive to determination of a reasonable rate in this case.

White & Case has an office in Miami and appears regularly in this Court. For the past several years, the Southern District of Florida has participated in the patent pilot program, established by the federal courts. The fees sought in this case represent White & Case's standard rates, less discounts negotiated with its client, and are in line with other substantial patent cases tried within the District. I find reasonable fees in this case are in the amount of **$5,336,391.52.**[1]

Additionally, UCB has requested the Court award reasonable non-taxable costs. Related expenses to attorneys' fees may be awarded under § 285. *See Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573 (Fed. Cir. 1983) (finding that "the award of expenses was properly within the scope of § 285."). Apotex has not contested the costs submitted in UCB's motion for attorney's fees. (DE 258 at 23). The Court finds the non-taxable costs are reasonable and awards costs in the amount of **$244,005.15.**[2]

Accordingly, I award a total of **$5,580,396.67** in attorneys' fees and costs.

### Expert Witness Fees

UCB also asks for expert witness fees. Such fees are not recoverable pursuant to Section 285, but can be awarded pursuant to the Court's inherent authority "to impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute." *Takeda Chemical Ind. Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). Not every case that qualifies as exceptional under Section 285 will also qualify for sanctions under the court's

---

[1] This number represents fees incurred for professional services from April 20, 2012 through January 31, 2015. In its supplemental motion, UCB also seeks fees incurred in connection with its fee application and Apotex's Petition for Writ of Certiori, filed with the Supreme Court of the United States. (DE 266). I decline to award these fees.

[2] This amount excludes UCB's taxable costs that were awarded pursuant to Rule 54. (DE 264).

4

inherent power. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012). A district court should analyze expert witness fees separately and explain why an award of attorneys' fees under Section 285 is insufficient. *Id.*

This case warrants the recovery of expert witness fees. The conduct was more reprehensible than the typical frivolous claim asserted to extract a cost of litigation settlement. Apotex targeted an existing, widely available drug, which used ingredients and a manufacturing process not difficult to discern.

Instead of inventing something novel deserving of patent protection, Apotex applied for a patent on its competitor's product with the intention of suing for infringement. Before the PTO, Apotex argued that it had invented something different by misrepresenting the composition of UCB's drug, despite having conducted tests which showed otherwise. Selective information was provided to an expert in order to obtain a misleading declaration used to convince the examiner.

Examples provided in the patent claimed experiments that were never conducted. And after trying to hide the ball during discovery, Apotex's primary witness was not credible in testimony about his company's knowledge and testing that showed its statements to the PTO were untrue. From beginning to end, this was a pernicious scheme to use the patent system and the judicial process for an improper purpose. It was not the first time Apotex had employed such a scheme. *See Apotex, U.S.A., Inc. v. Merck & Co., Inc.*, 254 F.3d 1031 (Fed. Cir. 2001).

This misconduct merits recovery of expert witness fees and expenses, at least for Leonard Chyall, a testifying expert, in the amount of **$173,193.19.**

I decline to award fees for Cleve Tyler, who did not testify but was retained as a rebuttal expert on damages. While UCB reasonably retained Mr. Tyler, we did not reach the issue of damages.

5

**Prejudgment Interest**

For the same reasons and based upon the same finding of misconduct set forth above with respect to expert witness costs, prejudgment interest on the unliquidated sum of the attorneys' fees and expenses award under Section 285 is also awarded. *See Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988) ("A district court does have authority, in cases of 'bad faith or other exceptional circumstance,' to award prejudgment interest on the unliquidated sum of an award made under Section 285."). "The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). The purpose of this discretion is "to ensure that patent owner is placed in as good position as he would have been." *Id.* The Federal Circuit has upheld the use of a state's statutory prejudgment interest rate. *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996) (finding the district court did not abuse its discretion by awarding prejudgment interest at the state statutory rate of 8%).

Accordingly, I find that the interest is awarded at the State of Florida's statutory prejudgment interest rate of 4.75%. In order to ensure UCB is made whole, I find that interest began to accrue when UCB remitted payment of attorneys' fees and costs and compounds annually. As of June 30, 2015, prejudgment interest at a rate of 4.75%, compounding annually, on sums paid by UCB for attorneys' fees and expenses totals **$461,292.34.** UCB is directed to calculate the prejudgment interest at the rate of 4.75% per annum on the sums paid by UCB for attorneys' fees and expenses to the date of this Order.[3]

---

[3] Prejudgment interest is not awarded on fees incurred with regard to UCB's fee application or Petition for Writ of Certiori, as I declined to award those fees.

## Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that

(1) UCB's Renewed Motion for Attorneys' Fees (DE 254) is **GRANTED IN PART.**

(2) UCB's Supplemental Motion for Attorneys' Fees (DE 266) is **DENIED.**

(3) Attorneys' fees and costs in the amount of **$5,580,396.67** are awarded pursuant to the "exceptional case" authority of Section 285.

(4) Expert witness fees and expenses in the amount of **$173,193.19** are awarded pursuant to the inherent power to sanction misconduct.

(5) Prejudgment interest at the rate of 4.75% per annum is ordered pursuant to the Court's inherent equitable power in cases of "bad faith or other exception circumstances." The amount of prejudgment interest as of June 30, 2015 was **$461,292.34** for sums paid by UCB in attorneys' fees and expenses. UCB shall calculate the amount of prejudgment interest on the sums paid by UCB for attorneys' fees and expenses to the date of this order. UCB shall submit the calculations to the Court if it wishes the Court to issue an Amended Final Judgment.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ___ day of December, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT

Copies to:    Counsel of Record

7